# ORIGINAL

## In the United States Court of Federal Claims

No. 14-194C

(Filed: June 13, 2014)

### (NOT TO BE PUBLISHED)

**FILED**

JUN 13 2014

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **TIMOTHY SNEED,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **UNITED STATES,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Timothy Sneed, *pro se*, Chipley, Florida.

Lisa L. Donahue, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Stuart F. Delery, Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

### OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Timothy Sneed, is an inmate confined by the Florida Department of Corrections. *See* Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1, ECF No. 5; *see also Sneed v. State*, 99 So. 3d 514 (Fla. Dist. Ct. App. 2011). His claims in this court arise out of his criminal conviction in Florida. Compl. at 4.[1] Mr. Sneed alleges numerous violations of federal and state law in his complaint, appearing to challenge his conviction and the legality of salaries paid to

---

[1] In 1998, Mr. Sneed was convicted of second degree murder. *Sneed v. State*, 934 So. 2d 475 (Fla. Dist. Ct. App. 2004) (per curiam). His conviction for the murder rested heavily on hospital records relating to his treatment for a gunshot wound soon after the shooting. *Id.* The hospital records were later held to have been illegally obtained, and a new trial was ordered. *Sneed v. State*, 876 So. 2d 1235, 1238 (Fla. Dist. Ct. App 2004) (per curiam). Ultimately, Mr. Sneed was retried, reconvicted, and resentenced in 2005. *Sneed*, 99 So. 3d at 514. Mr. Sneed remains incarcerated.

individuals involved in his prosecution and conviction. *See* Compl. at 5-7. Pending before the court is the government's motion to dismiss, filed pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), contending that the court lacks subject matter jurisdiction to consider Mr. Sneed's claims. *See* Def.'s Mot. at 1.[2]

## BACKGROUND

Following his incarceration in Florida, Mr. Sneed filed a series of actions and appeals in both federal and state courts, generally seeking relief from his criminal conviction. Mr. Sneed was ultimately unsuccessful in his efforts. *See, e.g., Sneed v. Florida*, 552 U.S. 845 (2007) (denying petition for writ of certiorari); *Sneed v. Rodriguez*, 517 Fed. Appx. 923 (11th Cir. 2013) (per curiam) (affirming district court's decision finding lack of jurisdiction and no bias on part of the magistrate judge at retrial); *Sneed v. Florida Dep't. of Corr.*, 496 Fed. Appx. 20, 22 (11th Cir. 2012) (per curiam) (affirming denial of petition for habeas corpus); *Sneed v. Pan Am. Hosp. Bd.*, 122 So. 3d 869 (Fla. 2013) (table) (summarily dismissing case for lack of jurisdiction); *Sneed v. Crews*, No. SC13-1045, 2014 WL 1647498 (Fla. 2014) (denying petition for writ of habeas corpus as procedurally barred); *Sneed v. McNeil*, 984 So. 2d 1253 (Fla. Dist. Ct. App. 2008) (table) (per curiam) (denying petition for writ of certiorari on the merits).

In his complaint in this court, Mr. Sneed alleges that Florida State Attorney Katherine Fernandez-Rundle, who prosecuted him, the Honorable Victoria Brennan, the then-Assistant State Attorney who also prosecuted him, the Honorable Rosa I. Rodriguez, the judge at his retrial, and Ms. Eladia Chavez, a juror at his retrial (collectively "the named individuals"), are all agents of the State of Florida and thus agents of the United States. Compl. at 4; *see also*, Def.'s Mot. at 1. Mr. Sneed avers that because the named individuals are agents of the United States, the United States must answer for their actions. Compl. at 11. He argues that they have been compensated for offices that they did not lawfully hold, and that they must repay compensation fraudulently received from the United States government. Compl. at 4-5.[3] According to Mr. Sneed, at the time of his first trial, then-Assistant State Attorney Brennan did not have a "valid notarized loyalty Oath of Office or valid notarized Oath of Secrecy filed and recorded in the Office of the Clerk of the Court in the county in which the appointing State Attorney resides" and thus was "masquerading" as a public official when she prosecuted him. Compl. at 4 (internal quotation marks omitted). He makes a similar claim regarding Judge Rodriguez. *Id.; see also* Pl.'s Reply and Resp. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 3, ECF No. 6.[4] Mr. Sneed further avers that Judges Brennan and Rodriguez violated 31 C.F.R.

---

[2]By order entered June 5, 2014, the court granted Mr. Sneed's application to proceed *in forma pauperis*.

[3]Mr. Sneed additionally seeks fifty million dollars in unspecified damages for "[f]raud and [t]reason and [c]riminal [a]narchy." Compl. at 6 (internal quotation marks omitted). This claim for damages is unsupported by allegations in the complaint or by averments in Mr. Sneed's response to the government's motion to dismiss.

[4]Although Mr. Sneed alleges in his complaint that he has been unjustly imprisoned because his trial and retrial were invalid, Compl. at 7, he confirms in his response to the

§ 202.3(b)(1)(ii)[5] and committed fraud against the Treasury by endorsing checks issued by the federal government. Pl.'s Opp'n at 2-3.

Mr. Sneed also posits a Fifth Amendment takings claim, asserting that Florida has taken his property by "cash[ing] in [a bond] against [him] for committing a [f]elony criminal offense." Pl.'s Opp'n at 4.

Finally, Mr. Sneed requests that if this court finds that it lacks jurisdiction, it transfer his case to any court where his claims under the Eighth Amendment, Fourteenth Amendment, or 43 U.S.C. § 1983 may be brought. Pl.'s Opp'n at 7 (citing 28 U.S.C. § 1631).

## STANDARDS FOR DECISION

Mr. Sneed premises this court's jurisdiction over his claims on the Tucker Act, 28 U.S.C. § 1491. *See* Pl.'s Opp'n at 3. The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity and enables a plaintiff to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Act itself, however, does not create a substantive right to monetary relief from this court. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To meet the jurisdictional requirements of the Tucker Act, the plaintiff must point to an independent, substantive source of law that mandates payment from the United States for the injury suffered. *Testan*, 424 U.S. at 400.

The "court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (internal quotation marks omitted) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)). When considering a motion to dismiss for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint as true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The party seeking to establish the court's jurisdiction bears the burden of proving it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Reynolds*, 846 F.2d at 748.

---

government's motion to dismiss that he is not making a claim for unjust imprisonment, Pl.'s Opp'n at 5 ("Although Mr. Sneed's imprisonment is unjust, as his freedom and liberty were unjustly taken . . . this complaint is not founded upon that theory at this juncture.").

[5]31 C.F.R. § 202.3(b)(1)(ii) permits depositaries upon authorization by the Secretary of the Treasury to perform "the maintenance of accounts in the name of the United States Treasury."

In construing pleadings filed by *pro se* plaintiffs, the court generally holds them to "'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Thus, even as a *pro se* plaintiff, Mr. Sneed "bears the burden of establishing the [c]ourt's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

## ANALYSIS

### A. Subject Matter Jurisdiction

As a preliminary matter, Mr. Sneed cannot name Judge Rodriguez, Judge Brennan, Eladia Chavez or State Attorney Fernandez-Rundle as defendants before this court. The "*only* proper defendant for any matter before this court is the United States, not its officers nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 589 (1941)). This court has no jurisdiction to hear claims against state prosecutors, judges, or jurors. Mr. Sneed repeatedly states that Judge Rodriguez, Judge Brennan, Ms. Chavez, and State Attorney Fernandez-Rundle are agents of the United States, *see, e.g.*, Pl.'s Opp'n at 4-5, but this claim is facially without merit.[6]

In addition to naming defendants over whom this court has no jurisdiction, Mr. Sneed has alleged statutory violations that this court has no juridical power to address. He alleges that the named individuals have violated federal criminal laws related to fraud, treason, and perjury, among others. *See* Compl. at 2-3. This court does not have jurisdiction over criminal matters. *See Joshua v. United States*, 17 F.3d 378, 379-80 (Fed. Cir. 1994) ("The Court of Federal Claims does not have jurisdiction over claims alleging tortious or criminal conduct."); *Campbell v. United States*, 229 Ct. Cl. 706 (1981) (per curiam) (dismissing claims of treason and various other criminal charges for lack of jurisdiction). Thus, this court also does not have jurisdiction over Mr. Sneed's claim that the named Florida officials have committed "[t]reason and

---

[6]Mr. Sneed cites *Jacobs v. United States*, 290 U.S. 13 (1933), as support for his claim that the United States can be held accountable for the actions of these individuals, Compl. at 5, but *Jacobs* concerns the right to just compensation following a governmental taking of private property, *Jacobs*, 290 U.S. at 15, and has no bearing on this case.

Mr. Sneed also cites *United States v. National Exchange Bank of Baltimore*, 270 U.S. 527 (1926), in support of his theory that the named parties can be considered proxies for the United States government. Pl.'s Opp'n at 2. *National Exchange Bank* concerned a check issued by the United States Veteran's Bureau that had been fraudulently altered before being eventually cleared through the Baltimore Branch of the Federal Reserve Bank of Richmond. 270 U.S. at 533. Federal institutions were thus at the heart of the dispute considered by the Supreme Court in *National Exchange Bank*. *Id.* at 533-34. Here, none of the named individuals were purporting to act on behalf of the United States.

[c]riminal [a]narchy" in violation of Florida state law. Compl. at 3. Moreover, Mr. Sneed has not provided a plausible factual foundation for the crimes he asserts were committed. For example, Mr. Sneed states that the named parties committed commercial crimes in violation of 27 C.F.R. § 72.11. Compl. at 2-3. The cited regulation applies only to officers and agents of the Bureau of Alcohol, Tobacco, and Firearms, *see* 27 C.F.R. § 72.11, and is therefore inapplicable to this case.

Mr. Sneed also seeks to invoke jurisdiction in this court "under the Tucker Act for recovery of the money illegally required to be paid on behalf of the government." Pl.'s Opp'n at 6 (citing *Fisher v. United States*, 402 F.3d 1167 (Fed. Cir. 2005)). Mr. Sneed's reliance on *Fisher* is misplaced. *Fisher* requires that the statute being examined create a fair inference that it is amenable to a right of recovery in damages. 402 F.3d at 1172. Mr. Sneed cites no federal statute or regulation that would constitute a money-mandating source of law to be applied in his favor as a basis for relief. For example, Mr. Sneed cites 31 C.F.R. §§ 202.32-.34, 240.6, claiming that these regulations allow this court to seek, on behalf of the Treasury, reclamation of funds paid to the named individuals. Pl.'s Opp'n at 2-3. The regulations apply only to financial institutions, not individuals.

Mr. Sneed also identifies the Fifth Amendment's takings clause as a basis for jurisdiction, but his claim fails plausibly to allege a taking by the United States. The takings clause is money-mandating, but it provides for just compensation only in the event that private property is taken for public use. *See* U.S. Const. amend. V. Mr. Sneed appears to rely on the Fifth Amendment to assert that: (1) the State of Florida illegally took his money by assessing against him "charges to pay for the prosecution of his case and his bond," Pl.'s Opp'n at 6, and (2) the named individuals illegally retained money paid by the United States government, *id.* at 4-5. His claim that Florida illegally retained his money is not a claim against the United States, and therefore it is beyond the court's jurisdiction. Similarly, his second claim is not a claim *against* the United States, but rather appears to be a claim on *behalf* of the United States. Furthermore, as far as the court can surmise from the record, no property was taken for public use in this case, and Mr. Sneed's claim has no factual basis.

As the government correctly noted in its motion to dismiss, to the extent that Mr. Sneed alleges violations of the Eighth and Fourteenth Amendments and 42 U.S.C. § 1983, *see* Pl.'s Opp'n at 7, this court does not have jurisdiction over any of those claims. Def.'s Mot at 5-6; *see also Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (holding that the Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (concluding that jurisdiction over claims arising under the Civil Rights Act, 42 U.S.C. § 1983, resides exclusively with the federal district courts); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (stating that the Fourteenth Amendment is not money-mandating and provides no basis for Tucker Act jurisdiction).

In sum, the court lacks subject matter jurisdiction over any of Mr. Sneed's claims.

*B. Motion to Transfer*

Mr. Sneed requests that if this court lacks jurisdiction, it transfer his claims to another court in which the action could have been brought. Pl.'s Opp'n at 7. When this court lacks jurisdiction over a civil claim, it has the authority to transfer that claim to a court "in which the action . . . could have been brought at the time it was filed or noticed" if such transfer is "in the interest of justice." 28 U.S.C. § 1631; *see Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (en banc). The court determines whether a transfer would serve the interests of justice after parsing plaintiff's claims. *See Johnson v. United States*, 105 Fed. Cl. 85, 96 (2012); *Taylor v. United States,* 92 Fed. Cl. 36, 39 (2010). In this respect, courts emphasize that a plaintiff should have the opportunity to have his or her nonfrivolous claims heard on the merits if jurisdictionally possible. *Johnson*, 105 Fed. Cl. at 96 (citing *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987)). Because Mr. Sneed has had a number of prior opportunities to present his claims to federal and Florida courts, transfer is not appropriate in this instance. *See id.*

### CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. Sneed's complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge